The Aurora, Elgin and Chicago Railroad Company, Petitioner, *vs.* John H. Ruch, Respondent.

*Announced orally February 11, 1910.*

1. CERTIORARI PETITIONS—*a petition for writ must conform to rule 42.* A petition for a writ of *certiorari* under the act of 1909 must conform to rule 42 of the Supreme Court, providing that such petition shall contain a concise statement of the case and of the points and authorities relied upon, without argument.

2. SAME—*full argument is not permitted in petition for writ.* The object of a petition for a writ of *certiorari* under the act of 1909 is to enable the Supreme Court to determine whether the record presents any legal questions which should be decided, and it is sufficient, on such petition, to show probable error; but a full argument of the questions presented will not be permitted in the petition, since if the court deems that argument should be presented it will order the writ to be issued.

PETITION for writ of *certiorari*.

HOPKINS, PEFFERS & HOPKINS, for petitioner.

RUSSELL & BOTSFORD, for respondent.

Mr. JUSTICE DUNN announced the opinion of the court:

In this case a petition has been presented for a writ of *certiorari* to bring before us the record of the Appellate Court for the Second District, by which a judgment of the circuit court of Kane county has been affirmed. In the presentation of the petition no attempt has been made to conform to rule 42 of this court, (242 Ill.) which governs the practice in cases of this character. That rule requires that "the petition shall contain a concise statement of the case and of the points and authorities relied upon for reversal, without argument." This petition contains sixty-one pages. The statement of the case consists of eighteen pages, a large part of which is devoted to a narration, in detail, of the testimony of each witness. Instead of a concise statement of the points and authorities relied upon for reversal, without argument, this statement is followed by

an argument unnecessarily long drawn out even for a brief and argument on the final submission of the case, and discussing in great detail, with needless iteration and repetition, the questions of law and fact arising in every aspect of the case and quoting in full many pages of opinions of the Appellate Courts. In their reply, counsel for respondent state that this part of the petition is practically a reproduction of the argument filed by the petitioner in the Appellate Court and that much of it is a literal copy of that argument. The petition furnishes internal evidence of the correctness of this statement.

The object of a petition for a writ of *certiorari* is to enable the court to determine whether the record presents any legal questions which should be determined by this court. A full argument is not desired and will not be permitted. It is sufficient, on such a petition, to show probable error. The questions of law arising on the record can be briefly stated. The authorities, if any, upon which the petitioner relies can be cited. If the court deems the questions presented so doubtful that argument should be heard before they are determined, the writ of *certiorari* will be ordered.

It is impossible for the court to give to causes sought to be brought here by *certiorari* the time required for the consideration of a full argument of the cause *ex parte,* and, if the writ is allowed, then again to give the time necessary for the consideration of full arguments on both sides. It was to avoid such duplication of labor and waste of time that rule 42 was adopted and both written and oral argument on such petitions prohibited. The court can recognize a legal question when presented and if it is entitled to consideration will not deny it a hearing. The proceeding for *certiorari,* however, must be prosecuted according to the rules of the court. For a failure to comply with such rules the petition in this cause will be stricken from the files and the cause stricken from the docket.

*Petition stricken.*